```
----------------------------------------X
```

UNITED STATES OF AMERICA,

                  Plaintiff,

      -against-                  **MEMORANDUM & ORDER**

RAY VASQUEZ                          10-CR-1028(KAM)

                  Defendant.

```
----------------------------------------X
```

**MATSUMOTO, United States District Court Judge:**

      Presently before the court is the government's motion *in limine* to cross-examine defendant Ray Vasquez ("defendant") regarding certain of his prior convictions and his history of bench warrants in the event that he testifies at trial pursuant to Federal Rules of Evidence 608(b) and 609(a)(1). For the following reasons, the court denies the motion.

**BACKGROUND**

      The defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 3551 *et. seq.* (ECF No. 6, Indictment ¶ 1.) Specifically, the defendant is charged with unlawfully possessing a .22 caliber Erma pistol and ammunition on or about November 24, 2010 after, on a separate and earlier occasion, he had been convicted of a felony. (*See id.*)

On October 19, 2011, the government filed the instant motion *in limine* requesting permission to cross-examine defendant Ray Vasquez ("defendant") regarding certain of his prior convictions and his history of bench warrants in the event that he testifies at trial. (ECF No. 24, Motion *in Limine* by USA ("Mot.").) The government asserts that it "should be permitted to pursue these lines of cross-examination because this information bears on the defendant's credibility." (Mot. at 3.)

First, pursuant to Federal Rule of Evidence 609(a)(1), the government seeks to cross-examine the defendant regarding three separate convictions of Attempted Criminal Sale of a Controlled Substance in the Third Degree in violation of New York Penal Law § 220.39(1), a Class C felony punishable by a term of imprisonment of more than one year. (Mot. at 2.) According to the government, the defendant pleaded guilty to these crimes in Kings County Supreme Court on February 26, 1999, March 5, 2003, and April 25, 2005, and received prison sentences of one year, three-to-six-years, and three years, respectively. (*Id.*) In his opposition brief, the defendant states that he was sentenced to a prison term of one-to-three years for the 1999 conviction and three years for the 2003 conviction. (ECF No. 35, Defendant's Response to Motion *in Limine* ("Opp'n") at 1.) With respect to each of these convictions, the government seeks

to admit at trial the statutory name of the offense, the date of conviction, and the sentence imposed. (Mot. at 4.)

Second, pursuant to Federal Rule of Evidence 608(b), the government seeks to cross-examine the defendant regarding four bench warrants: (1) a bench warrant issued when he failed to appear in connection with his 1999 conviction described above, on which he was returned on June 29, 2000; (2) a bench warrant issued when defendant failed to appear in connection with his 2003 conviction described above, on which he was returned after a subsequent arrest in April 2005; (3) a bench warrant issued when defendant failed to appear in Kings County Supreme Court for a case in which he had previously pleaded guilty to Criminal Possession of Marijuana in the Fifth Degree, on which he was returned after the subsequent arrest referred to above in April 2005; and (4) a bench warrant issued on September 27, 2010 when defendant failed to appear in Kings County Supreme Court after being arrested for Assault in the Second Degree with Intent to Cause Physical Injury with a Deadly Weapon,[1] on which he was returned after his November 24, 2010 arrest in this case. (Mot. at 1-2.) Both of these requests will be discussed in turn.

---

[1] The disposition of this case is unknown because the records have been sealed. (Mot. at 2 n. 2.)

## DISCUSSION

### I.  Standard for a Motion *in Limine*

The purpose of a motion *in limine* is to allow the trial court to rule on the admissibility and relevance of certain forecasted evidence before the evidence is actually offered at trial.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context.  *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 286-877 (S.D.N.Y. 1996).  Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

### II.  Admissibility of Evidence Pursuant to the Federal Rules of Evidence

The Federal Rules of Evidence govern the admissibility of evidence at trial.  Rule 402 requires that evidence be relevant to be admissible.  Fed. R. Evid. 402.  Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  The

parties do not address or dispute the relevancy of the defendant's prior convictions and bench warrants.

In addition to the relevancy of the evidence, however, Federal Rule of Evidence 403 provides for a probative-prejudice balancing analysis which permits the exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The Second Circuit has stated that the "district court is obviously in the best position to do the balancing mandated by Rule 403, and, accordingly, this Court grants 'broad discretion' to the district court to admit or exclude evidence pursuant to Rule 403." *United States v. George*, 266 F.3d 52, 63 (2d Cir. 2001) (quoting *United States v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982)) (internal citation omitted).

### III. Admissibility of the Defendant's Prior Felony Convictions under Federal Rule of Evidence 609(a)(1)

Federal Rule of Evidence 609(a)(1) "vests broad discretion in the trial judge to admit, for purposes of impeachment, evidence that the [defendant] has been convicted within ten years of the time of his testimony of a crime punishable by imprisonment in excess of one year . . . if the

5

court determines that 'the probative value of admitting [the conviction] outweighs its prejudicial effect to the defendant.'" *United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984) (quoting Fed. R. Evid. 609(a)(1)).

The standard for admissibility of a prior conviction under Rule 609(a)(1) is heightened when the witness is an "accused." *See* Fed. R. Evid. 609(a)(1). For a witness "other than an accused," the prior conviction is subject to Rule 403 balancing and will be found inadmissible for impeachment purposes if the conviction's "probative value is *substantially outweighed* by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403 (emphasis added). For an accused like the defendant here, however, the prior conviction "shall be admitted if the court determines that the probative value of admitting this evidence *outweighs* its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1) (emphasis added). According to the Advisory Committee on Evidence Rules, there is a "special balancing test for the criminal defendant who chooses to testify" because "in virtually every case in which prior convictions are used to impeach the testifying defendant, the defendant faces a unique risk of prejudice – *i.e.*, the danger that convictions that would be excluded under Fed. R. Evid. 404 will be misused by a jury as propensity evidence despite their introduction solely for

impeachment purposes." Fed. R. Evid. 609 advisory committee's note.

"[T]he Government has the burden of showing that probative value outweighs prejudice. *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977) (citation omitted). If the government is permitted to introduce evidence of a prior conviction, it "is generally limited to establishing the bare [or essential] facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence." *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (citing *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005)).

In weighing the probative value of admitting the prior conviction against its prejudicial effect, courts in the Second Circuit consider the following factors: (1) the impeachment value of the prior crime, (2) the date of the conviction and defendant's subsequent history, (3) the degree of similarity between the past crime and the current crime, (4) the centrality of defendant's credibility in the case, and (5) the importance of defendant's testimony. *Brown*, 606 F. Supp. 2d at 311-12 (citations omitted). Each of these factors will be discussed in turn.

*A.    Impeachment Value of the Prior Crime*

The first factor is the impeachment value of the prior crime.  "Although all of the[] factors are relevant, '[p]rime among them is . . . whether the crime, by its nature, is probative of a lack of *veracity*.'"  *Brown*, 606 F. Supp. 2d at 312 (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)); *United States v. Feola*, 651 F. Supp. 1068, 1127 (S.D.N.Y. 1987).  Here, the crime is the same for all three convictions at issue — criminal sale of a controlled substance. The government argues that "the defendant's prior felony convictions are indicative of his 'willingness to ignore the law,' and bear directly on his credibility."  (Mot. at 4 (quoting *Estrada*, 430 F.3d at 617-18 ("Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully."))).

The defendant argues the opposite, that "a narcotics conviction is [not] particularly relevant to in-court veracity." (Opp'n at 2 (quoting *United States v. Puco*, 453 F.2d 539, 542 (2d Cir. 1971)).)  The court acknowledges that numerous courts agree with defendant's assertion that "[d]rug crimes are generally not crimes involving dishonesty or false statement." *Picciano v. McLoughlin*, No. 5:07-CV-0781 (GTS/GJD), 2010 U.S. Dist. LEXIS 114704, at *9 (N.D.N.Y Oct. 28, 2010); *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) ("Drug crimes,

however, do not automatically implicate the use of dishonesty or false statements."); *Lewis v. Velez*, 149 F.R.D. 474, 481-82 (S.D.N.Y. 1993) ("Neither drug crimes nor assault involve dishonesty or false statement . . . ."); *see also Hayes*, 553 F.2d at 827 ("[Defendant's] conviction was for the importation of cocaine, a crime in the uncertain middle category – neither clearly covered nor clearly excluded by [current Rule 609(a)(2), which requires admission of crimes involving acts of dishonesty or false statements.]").

Nevertheless, some courts, including the Second Circuit, have found that certain drug crimes are probative of credibility. *See Hayes*, 553 F.2d at 828 (finding that conviction for importation of cocaine is a "a type of crime – smuggling – that ranks relatively high on the scale of veracity-related crimes"); *Ortiz*, 553 F.2d at 784-85 (affirming ruling that defendant's conviction for two separate heroin sales can be used for impeachment purposes); *Daniels*, 986 F. Supp. at 250 ("The drug conspiracy conviction ranks relatively high on the scale of veracity-related crimes . . . ."). *But see Puco*, 453 F.2d at 543 & n.10 (2d Cir. 1971) (reversing district court's ruling that a 21-year old narcotics conviction could be used for impeachment purposes based in part because "we believe that a narcotics conviction has little necessary bearing on the veracity of the accused as a witness," but stating that "[w]e do

not hold that a prior narcotics conviction can never be used to impeach a defendant.").

Courts have also made a distinction for the purposes of Rule 609(a)(1) among types of drug crimes. In *Brown*, for example, this court found that drug possession "has little bearing on the veracity of [defendant] as a witness and thus, ranks fairly low on the impeachment value scale." 606 F. Supp. at 319 (citations omitted). In making this determination, the court distinguished drug possession from cases in this Circuit discussing other drug-related crimes, *e.g., Ortiz,* 553 F.2d at 784*,* that have permitted the government to introduce evidence of the defendant's prior convictions for narcotics distribution or sale. *Brown*, 606 F. Supp. at 319 & n.9; *see also Hayes*, 553 F.2d at 828 (finding that drug smuggling "has more probative value on credibility than, for example, a conviction for mere narcotics possession . . . ."); *United States v. Whitley*, No. 04 Cr. 1381 (RCC), 2005 U.S. Dist. LEXIS 18788, at *10 n.2 (S.D.N.Y. Aug. 31, 2005) ("To the extent that the Government's motion is addressed to [defendant's] conviction for narcotics possession rather than sale, the rationale of *Ortiz* does not apply and the prior conviction has little probative value on the matter of truthfulness." (citation omitted)); *Haynes v. Kanaitis*, No. 3:99-cv-2551 (CFD), 2004 U.S. Dist. LEXIS 5527, at *9 (D. Conn. Mar. 3, 2004) (finding that the prior conviction's

"probative value as to credibility is not significant as it involves only possession of narcotics.").

Ortiz, however, is distinguishable from the facts of this case. In Ortiz, the Second Circuit found that "the District Judge in his discretion was entitled to recognize that a narcotics trafficker lives a life of secrecy and dissembling in the course of that activity, being prepared to say whatever is required by the demands of the moment, whether the truth or a lie. From this he could rationally conclude that such activity in a witness' past is probative on the issue of credibility." 553 F.2d at 784. Here, the defendant was convicted three separate times of criminal sale of a controlled substance for *street sales* of narcotics upon pleas of guilty. (Opp'n at 2.) There is no other evidence in the record regarding the facts surrounding the convictions, including whether the convictions involved any dishonesty or falsification. Therefore, unlike Ortiz, the court cannot make any specific finding that the defendant is a "narcotics trafficker" that "lives a life of secrecy and dissembling," from which it could infer that such convictions are probative of credibility. *See United States v.* Aiken, No. 80 Cr. 70 (RWS), 1980 U.S. Dist. LEXIS 10970, at *7 (S.D.N.Y. Apr. 14, 1980) ("Although these prior felonies [for narcotics conspiracies] would not appear to be mere possessory

crimes, there is no representation that they involved transactions which would be probative of credibility.").[2]

Although the sale of drugs may be more probative for purposes of impeachment than mere possession as this court has found, *see*, *e.g.*, *Brown*, 606 F. Supp. at 319, the sale of drugs is not as probative of credibility as drug smuggling or conspiracy, which are likely to involve acts of dishonesty or deceit, *see, e.g.*, *Hayes*, 553 F.2d at 828 and *Daniels*, 986 F. Supp. at 250. Accordingly, the court finds, based on the record before it, that the impeachment value of defendant's convictions for street sales of narcotics, while higher than that for mere drug possession, is still moderately low on the scale of veracity-related crimes, particularly when compared to other drug crimes such as smuggling or conspiracy that are more probative of credibility. *See Hayes*, 553 F.2d at 828 n.8 ("In terms of credibility a conviction for sale of narcotics may fall somewhere between a conviction for narcotics smuggling and one

---

[2] In *Ortiz*, Circuit Judge Walter R. Mansfield wrote a lengthy dissent outlining the legislative history of Federal Rule 609(a) and stating that "[t]he making of one or two sales of narcotics, standing alone, simply does not involve deceit and is not *crimen falsi*, as the Senate Committee on the Judiciary implicitly recognized in listing crimes that involve untruthfulness, deceit or falsification, such as perjury, criminal fraud, embezzlement, false pretenses, and various types of larceny." 553 F.2d at 787 (Mansfield, J., dissenting). He further noted that, "[i]f, as appears to have been the fact, Ortiz' prior conviction was for two sales of narcotics without any fraud or falsification involved, it could not have had any appreciable bearing on the defendant's credibility as a witness and, in view of its great potential for prejudice to the defendant, it was an abuse of discretion to admit it." *Id.* at 789.

for narcotics possession." (citing *Ortiz*, 553 F.2d at 784))[3];

*United States v. White*, No. 08-CR-0682 (NGG), 2009 U.S. Dist. LEXIS 113154, at *18 (E.D.N.Y. Dec. 4, 2009)(finding conviction for sale of heroin to be "moderately probative of veracity");

*United States v.* D'Amato, No. S 82 Cr. 734 (WCC), 1983 U.S. Dist. LEXIS 20198, at *10-11 (S.D.N.Y. Jan. 7, 1983) ("Nor is the previous narcotics conviction one which bears directly on [defendant]'s veracity.").

>    B.   *The Dates of the Prior Convictions and*
>         *Defendant's Subsequent History*

The second factor to consider is the dates of the defendant's convictions and the defendant's subsequent history. Remoteness is measured from the date of trial, *see United States v. Weichert*, 783 F.2d 23, 26 (2d Cir. 1986), and "convictions have more probative value as they become more recent." *Hayes*, 553 F.2d at 828; *see United States v. Washington*, 746 F.2d 104, 106 (2d Cir. 1984) ("The age of a prior conviction does reflect

---

[3] In *United States v. Jenkins*, No. 02 Cr. 1384 (RCC), 2003 U.S. Dist. LEXIS 7774 (S.D.N.Y. May 8, 2003), the court admitted evidence of the defendant's prior conviction for sale of a controlled substance pursuant to Federal Rule of Evidence 609(a) in a case involving a defendant charged with being a felon in possession of a firearm. *Id.* at *1, 4-5. The court relied on *Hayes* in finding that "[t]he Second Circuit has stated that evidence of a witness's prior narcotics conviction is highly probative on the issue of a witness's credibility." *Id.* at *4. With due respect to the court in *Jenkins*, this court does not find *Hayes* to be persuasive because *Hayes* involved a prior conviction for drug smuggling, which is considerably more probative for impeachment purposes than sale of a controlled substance. As discussed below, *Jenkins* can also be distinguished on its facts.

somewhat on its value as an index of defendant's current credibility.").

The defendant's three convictions are from February 26, 1999, March 5, 2003, and April 25, 2005, which are more than twelve years, eight years, and six years, old, respectively.[4] Although the government argues that these convictions "are quite recent" (Mot. at 4), they are within or beyond the latter half of the ten-year time limit imposed by Rule 609(b) and therefore have diminished probative value, particularly the 1999 and 2003 convictions. *See Weichert*, 783 F.2d at 26 ("That the disbarment occurred twelve years before the trial decreased its probative value."); *Brown*, 606 F. Supp. 2d at 320 (finding that conviction for criminal contempt is eight-and-a-half years old, "thereby decreasing its probative value"); *Jones v. City of New York*, No. 98 Civ. 6493 (LBS), 2002 U.S. Dist. LEXIS 2052, at *8 (S.D.N.Y. February 11, 2002) (finding that a nine-year-old conviction weighs against admissibility); *D'Amato*, 1983 U.S. Dist. LEXIS 20198, at *10-11 ("prior [narcotics] conviction is nearly ten

---

[4] The government maintains that the 1999 conviction does not fall outside of the ten-year time limit imposed by Federal Rule of Evidence 609(b) because the defendant was not sentenced until June 2000. (Mot. at 4.) The defendant has not contested this argument. Under Rule 609(b), a more stringent standard for admissibility applies if "a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date." Fed. R. Evid. 609(b). While twelve years have elapsed since the date of the 1999 conviction, the court cannot determine whether ten years have elapsed since the defendant was released from prison for the conviction because neither party has provided the date of defendant's release. Moreover, it is uncertain whether the defendant was sentenced to one year or one-to-three years imprisonment.

years old, thus diminishing its probative value on the present charge.").[5]

### C. The Degree of Similarity Between the Past Crimes and The Current Crimes

Third, "similarity of past and present offenses weighs heavily against the use of prior criminal convictions for impeachment purposes." *Brown*, 606 F. Supp. 2d at 314. Accordingly, "[t]he less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen v. Hanley*, No. 03-CV-6226(KAM)(LB), 2009 U.S. Dist. LEXIS 43334, at *13 (E.D.N.Y. May 21, 2009). While the government does not address this factor in its papers, the defendant argues that "[a]lthough in this case the prior convictions are not similar to the offense being charged at trial, their potential to improperly influence the mind of the jurors is great, given the connections people draw between guns and drugs. . . . [I]t will be difficult to protect Mr. Vasquez from the inference that a drug dealer is particularly likely to possess a firearm." (Opp'n at 2.). The court finds this argument to be persuasive.

While sale of a controlled substance and a felony-in-possession gun charge are different crimes, admission of the drug convictions in this case would still cause undue prejudice

---

[5] *Jenkins*, *supra* note 3, can be further distinguished on the basis that the prior conviction in that case was "recent and therefore probative of [defendant's] current truthfulness." 2003 U.S. Dist. LEXIS 7774, at *5.

because guns and drugs are commonly perceived as inextricably linked. *See United States v. Hernandez*, 85 Fed. Appx. 269, 271 (2d Cir. 2004) ("guns are frequently tools of the drug trade"); *United States v. Vegas*, 27 F.3d 773, 778 (2d Cir. 1994) ("drug dealers commonly 'keep firearms on their premises as tools of the trade.'" (citations omitted)).

Although the most recent conviction is more than six years old, introduction of the drug convictions may mislead or prejudice the jury to infer that the defendant has a propensity to carry a gun for the purpose of carrying out drug sales. In other words, there is a substantial risk that, if the prior drug convictions are admitted, this case will be transformed from one in which the jury is determining whether the defendant possessed a firearm on the day in question to one where the jury is determining whether a *drug dealer* possessed a firearm. *See White*, 2009 U.S. Dist. LEXIS 113154, at *18 (denying admission of conviction for sale of heroin in a felon-in-possession case because it is "suggestive of a propensity to engage in crime that may involve a firearm" and "the jury is more likely to view the testifying Defendant as having a propensity to commit crime (and to carry a gun) than having a propensity to be

dishonest.").[6]  Therefore, similarity of crimes does not weigh in favor of admission of the drug convictions.

> D.  *The Centrality of the Defendant's Credibility and the Importance of the Defendant's Testimony*

The court considers the fourth and fifth factors – the centrality of the defendant's credibility, and the importance of the defendant's testimony – together because they are related in this case.  The government contends that these factors weigh in favor of admission because "[i]f the defendant testifies but the jury is not permitted to hear limited details about his prior felony convictions, the jury will receive a skewed and incomplete picture of his credibility."  (Mot. at 5.) Additionally, the government contends that the prior narcotics convictions are "not as serious as the instant firearms charge," and that there would be minimal incremental prejudice from introducing those convictions to the jury.  (*Id.* at 5.)  In opposition, the defendant asserts that "[i]f this trial . . . becomes a credibility contest between the defendant and the

_____

[6] *See also United States v. Bermudez*, 529 F.3d 158, 170 (2d Cir. 2008 (Underhill, J., concurring in part and dissenting in part) (finding that the District Court "did not consider the most significant danger of prejudice from admission of the drug dealing admission – that the jury would decide [defendant's] guilt on the gun charge based upon his admitted drug dealing. . . . It is precisely *because* [defendant] was charged with gun possession that the substantively irrelevant evidence of drug dealing poses a particularly significant risk of prejudice. It is axiomatic that drug dealing and guns go hand in hand. Thus, there is a very substantial danger that a jury would misuse the drug dealing evidence to explain *why [defendant] possessed the gun,* a purpose for which it was not offered, as opposed to explaining *why the officers were watching [defendant]*, its intended purpose." (emphases in original) (internal citations omitted)).

police on the central issue of whether he possessed a firearm, .
. . [t]hat is a reason to be more vigilant, not less, in
preventing undue prejudice and not hindering the accused's
ability to testify on his own behalf."  (Opp'n at 3.)

Where the credibility of a given witness is
particularly important because there is little other documentary
or supporting evidence and "success at trial probably hinges
entirely on [the witness's] credibility with the jury," these
factors weigh in favor of admission of the prior conviction.
*Jones*, 2002 U.S. Dist. LEXIS 2052, at *8.  Both parties agree
that if defendant testifies, defendant's credibility will be
central to this case and his testimony will be important.  The
court does not disagree.  As indicated by the defendant's Motion
to Suppress filed on July 13, 2011 and the government's
corresponding opposition, if the defendant were to testify, he
will likely dispute the evidence offered by the government in
its case-in-chief and offer a radically different version of
events than those offered by the government's witnesses.  (*See*
ECF No. 16, Motion to Suppress Physical Evidence; ECF No. 17,
Government's Memorandum of Law in Opposition to Defendant's
Motion to Suppress Physical Evidence.)

In support of a finding that these factors weigh in
favor of admission, the government cites to the Second Circuit's
decision in *Ortiz*, 553 F.2d at 784-85, discussed below.  (*See*

18

ECF No. 36, Reply to Response to Motion *In Limine* ("Reply") at 2.) *Ortiz*, however, again can be distinguished on its facts. In that case, the government's only eyewitness, a confidential informant, had an extensive criminal record, which was "thoroughly exploited on cross-examination," and the witness was "even impeached on cross-examination on the basis of arrests." 553 F.2d at 785. Because the case would have been "narrowed to the credibility" of that government witness and the defendant if he chose to testify, the Second Circuit found that it "would have been unfair and misleading to the jury" to "have allowed [defendant], if he chose to take the stand, to appear 'pristine.'" *Id.* (citations omitted).

In contrast, in the defendant's case, there is no indication that the government's witnesses, presumably police officers, will have their credibility undermined by the introduction of prior convictions or other impeachment evidence. More importantly, the defendant has already stipulated that he has been "convicted of a felony, that is, a crime punishable by imprisonment for more than one year" and that such stipulation is admissible in evidence at trial. (ECF No. 28-4, Stipulation.) The jury will be informed that the defendant has a felony conviction, and as argued by the defendant, "[t]his information already poses a substantial risk of prejudice . . . [and] is sufficient for the purpose of assessing his credibility

19

as a witness . . . ." (Opp'n at 2-3.) Therefore, the concern in *Ortiz* of unfairness or of misleading the jury so that the defendant will appear "pristine" is minimal, and these two factors do not weigh strongly in favor of admitting defendant's convictions.

In *United States v. Gilliam*, 994 F.2d 97 (2d Cir. 1993), the Second Circuit stated the following about a defendant's stipulation to a prior felony conviction in a gun possession case:

> The *underlying* facts of the prior conviction, however, are completely irrelevant to § 922(g)(1). The jury has no need to know the nature of the prior conviction; all that it needs to know is that there was a prior conviction sufficient to sustain that element of the crime. This allows the jury to appreciate the seriousness of the crime, without prejudicing the jury with potentially inflammatory specifics. In such a situation, the Rule 404(b) cases are directly on point: introduction of the underlying facts of the prior conviction would be far more prejudicial than probative where the defendant is willing to stipulate to the simple fact of the prior conviction.

*Id.* at 103 (emphasis in original) (internal citations omitted).

Here, the government seeks to cross-examine the defendant regarding all three of his drug convictions. Once the fact that defendant has a prior felony conviction has been presented to the jury, however, "the incremental value of additional convictions may be diminished." *White*,

2009 U.S. Dist. LEXIS 113154, at *17-18 (citing *Washington*, 746 F.2d at 107 (Newman, J., concurring)); *see Gilliam*, 994 F.2d at 102 (finding that if the government did not consent to stipulating to the defendant's prior conviction for purposes of a felon-in-possession gun charge, "the district court would have excluded any information about the nature of the prior convictions, since merely the proof of the fact of *one* conviction would be sufficient for § 922(g)(1). (emphasis added)).

Although "the introduction of two [or three] convictions, rather than one, does not always tip the scales from more probative to more prejudicial," *White*, 2009 U.S. Dist. LEXIS 113154, at *18, the court finds that, after balancing the five factors, the probative value of defendant's three prior narcotics convictions does not outweigh their prejudicial effect. This finding is based on the moderately low impeachment value of the drug convictions, their remoteness, the considerable prejudice associated with introducing three prior drug convictions in a gun possession case, and defendant's stipulation that he has already been convicted of a felony, which minimizes the risk of misleading the jury as to defendant's record.

In the absence of further proof of the probative value of the prior convictions for impeachment purposes, the court

therefore denies the government's motion *in limine* to cross-examine the defendant regarding his prior drug convictions. The court's ruling, however, is subject to modification depending upon the testimony of the defendant. *See id.* at *19. If the defendant testifies to facts or issues which can be contradicted or impeached by evidence of his prior convictions, the court will reconsider its ruling. *See United States v. Maisonneuve*, 954 F. Supp. 114, 117-18 (D. Vt. 1997). For example, should the defendant testify at trial and suggest through his testimony that he only has one conviction or that he has never been involved in drug activity, evidence of the convictions would directly contradict such testimony and the government may renew its motion to admit the convictions. The government is instructed to seek permission to cross-examine the defendant on his drug convictions or to introduce evidence of such convictions prior to disclosure of such evidence before the jury.

### IV. Admissibility of the Defendant's Bench Warrants under Federal Rule of Evidence 608(b)

Rule 608(b) of the Federal Rules of Evidence "vests the district courts with discretion to permit cross-examination into 'specific instances of conduct' if the conduct is 'probative of [that witness's character for] truthfulness or untruthfulness.'" *United States v. Cedeño*, 644 F.3d 79, 82 (2d

Cir. 2011) (quoting Fed. R. Evid. 608(b)). Such "specific instances of conduct" may not be proven by extrinsic evidence. Fed. R. Evid. 608(b). Evidence admitted under Rule 608(b) is subject to the probative-prejudice balancing test in Rule 403. *See United States v. Tillem*, 906 F.2d 814, 827 (2d Cir. 1990) (citing Fed. R. Evid. 608(b) advisory committee's note).

Rule 608(b) is "designed to avoid jury distraction and confusion through the trial of collateral matters on the excuse of an impeachment purpose." *United States v. La Chance*, 788 F.2d 856, 877 (2d Cir. 1986). Under this rule, the Second Circuit has upheld cross-examination into an attorney's disbarment, a witness's failure to disclose a prior arrest on his bar application, and a prior finding by an Immigration Judge that a witness's testimony in a deportation proceeding was not credible. *Hynes v. Coughlin*, 79 F.3d 285, 294 (2d Cir. 1996).

The government seeks to cross-examine the defendant regarding four bench warrants issued for his arrest when he failed to appear in connection with various criminal proceedings described above. In favor of its application, the government argues that this history of bench warrants "illustrate a nearly uninterrupted track record of blatant disregard for the integrity of the courts and are proper subjects of cross-examination because they are probative on the issue of the defendant's character for truthfulness." (Mot. at 5.) In

addition, the government maintains that permitting cross-examination regarding the bench warrants "will avoid the unfairness of this defendant falsely seeming 'pristine' and genuine to the jury." (Reply at 3.) In response, the defendant asserts that "[a] failure to come to court may involve contempt but it does not involve fraud or deceit and is thus not particularly probative of truthfulness or untruthfulness." (Opp'n at 3.)

As demonstrated by the parties' lack of any case citations on this issue, there is limited authority regarding whether the issuance of a bench warrant for a defendant's appearance is probative of that defendant's character for truthfulness or untruthfulness.[7] The court therefore analogizes bench warrants issued for a defendant's failure to appear to similar acts such as violations of probation or conditions of release, contempt, and escape, all of which involve disregard of court orders.

Several courts have found that such acts are *not* probative of a witness's character for truthfulness. *See United States v. Montrose*, 15 Fed. Appx. 89, 90 (4th Cir. 2001)

---

[7] *Compare United States v. Anderson*, No. 91-5907, 1992 U.S. App. LEXIS 8477, at *8 (6th Cir. Apr. 22, 1992) (finding that "additional testimony regarding the supposed bench warrant would have done nothing to further defense efforts to impeach [witness's] credibility"), *with* McEwen *v. Norman*, 926 F.2d 1539, 1547 (10th Cir. 1991) (holding that it was not plain error for the trial court to permit cross-examination regarding bench warrants only to the extent that they "bore on [witness's] credibility and veracity").

(affirming district court's decision to disallow impeachment
based on a witness's probation violation because there was no
dishonesty involved); *Brown*, 606 F. Supp. 2d at 315 ("conviction
for criminal contempt is low on the impeachment value scale as a
crime not, 'by its nature, . . . probative . . . of veracity' or
credibility" (citation omitted)); *United States v. Morrow*, No.
04-355 (CKK), 2005 U.S. Dist. LEXIS 41035, at *11 (D.D.C. June
2, 2005) ("[S]everal federal courts have concluded that
violations of probation, conditions of release, and escape do
not involve dishonesty and do not bear on a witness's
truthfulness; as such, these courts have found that such topics
fall outside of the parameters of Federal Rule of Evidence
608(b) and have restricted attempted impeachment." (collecting
cases)); *Eng v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993)
("[T]he legislature did not intend that crimes such as attempted
escape be admitted as especially indicative of
untruthfulness."); *United States v. Colella*, No. 88-538, 1989
U.S. Dist. LEXIS 9160, at *9-10 (E.D. Pa. Aug. 1, 1989) (finding
that a failure to appear at trial, alleged violations of
probation, and contempts of court do not bear on a witness's
truthfulness within the meaning of Rule 608(b)); *see also*
*Patsy's Italian Rest., Inc. v. Banas*, Nos. 06-CV-0729, 06-CV-
5857 (RER), 2008 U.S. Dist. LEXIS 108439, at *11 (E.D.N.Y. Mar.

24, 2008) (permitting limited cross-examination regarding contempt order for perjury).[8]

Consistent with these decisions, and without any showing that defendant's failures to appear in court involved any dishonesty or falsification, *see, e.g., Patsy's Italian Rest.*, 2008 U.S. Dist. LEXIS 108439, at *11, the court finds on the record presented that the bench warrants are not "probative of truthfulness or untruthfulness," which precludes their admission on cross-examination under Rule 608(b). *See* Fed. R. Evid. 608(b). Although the court agrees with the government that the defendant's history of bench warrants demonstrates a "blatant disregard for the integrity of the courts," the fact that such conduct is "blatant" implies that it does not involve some element of deceit, untruthfulness, or falsification in the nature of *crimen falsi* such as perjury, false statement, fraud, embezzlement, or smuggling.

Even if this court were to find that the bench warrants are minimally probative of credibility, the bench warrants would not satisfy the balancing test under Rule 403 because their probative value would be substantially outweighed

---

[8]    In *United States v. Martinez*, No. 06 CR. 591 (RPP), 2007 U.S. Dist. LEXIS 73041 (S.D.N.Y. Oct. 1, 2007), the court permitted cross-examination of witnesses' violations of parole that were close in proximity to the time the witness made a promise under oath to abide by the conditions of parole because such violations were probative of dishonesty *Id.* at *2. There has been no such showing here that defendant's failure to appear was in close proximity to any such oath to appear in court.

by the danger of unfair prejudice to the defendant. *See* Fed. R. Evid. 403. Indeed, allowing the government to cross-examine the defendant regarding four bench warrants issued over the past ten years, with one as recent as last year, would be extremely prejudicial to the defendant because the jury would be left to speculate regarding the circumstances surrounding those bench warrants, which could result in a side trial diverting the jury's attention from the relevant issues. Introduction of the bench warrants may also force the defendant to testify regarding his prior drug convictions to explain why the bench warrants were issued, and the court has already found admission of those convictions to be prejudicial.

As with the decision regarding the defendant's prior convictions discussed above, the court's ruling is subject to modification depending upon the testimony of the defendant. If the defendant testifies to facts or issues which can be contradicted or impeached by evidence of the bench warrants, the court will permit the government to request reconsideration of the court's ruling.

## CONCLUSION

For the reasons set forth above, the government's motion *in limine* to cross-examine the defendant regarding his three prior felony convictions for Attempted Criminal Sale of a Controlled Substance in the Third Degree and his history of

bench warrants is denied.  The court's ruling, however, is subject to modification depending upon the testimony of the defendant. If the defendant testifies to facts or issues which can be contradicted or impeached by evidence of the prior convictions or of the bench warrants, the court will reconsider its ruling.  The government is instructed to seek permission to cross-examine the defendant on his drug convictions and on the bench warrants prior to disclosure of such evidence before the jury.

**SO ORDERED.**

Dated: November 10, 2011
Brooklyn, New York

_____/s/_____ _____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York